Masoud Jahani (California State Bar No. 315638)
Email: jahanilaw@gmail.com
111 W, Ocean Blvd Suite 400
Long Beach, California, 90802
Phone | (310) 972-9446
Fax. | (310) 919-3608
Counsel for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Plaintiff,**<br><br>Kings International Group Inc. DBA Kig Solutions<br><br>Vs. | CASE NO. 2:25-cv-2277<br><br>**PLAINTIFF'S COMPLAINT** |
| **Defendants**<br><br>Mixed Chicks LLC | |

## A. COMPLAINT

Comes now plaintiff Kings International Group Inc. DBA Kig Solutions (hereinafter "kings International, or Plaintiff), and for its complaint against the Mixed Chicks, LLC, (hereinafter Mixed Chicks or Defendant) by their attorneys, Masoud Jahani Esq.and states and alleges as follows:

## B. PARTIES

1. Plaintiff Kings International Group Inc. DBA Kig Solutions (hereinafter "kings International, or Plaintiff), is an International Freight Forwarding, formed under the laws of State of California with a principal place of business in 440 E Huntington drive, 3rd floor Arcadia, CA 91006.
2. Defendant Mixed Chicks LLC, (hereinafter Mixed Chicks or Defendant) is a limited liability company formed under the laws of State of California with a principal place of business at 21208 Vanowen ST Canoga Park, CA 91303. USA, and their agent address through individual W.L, K, 23260 Collins, Woodland Hills, California.

## C. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to § 1331. Federal question, as this is a civil action arising under the laws of the United States relating to maritime shipping.

4. This Court has personal jurisdiction over Mixed Chicks, LLC as they are a corporation formed and with their principal place of business in California

5. Venue is proper in this Court based on defendant's principal business address at 21208 Vanowen ST Canoga Park, CA 91303.

## D. FACTS

6. Plaintiff and Defendant Mixed Chicks, LLC entered a contract by way of a marine Bill of Lading for the Plaintiff to ship their container from Shanghai China to California.

7. Pursuant to the House Bill of Lading No. QDZF22020495, and Marine Bill of Lading booking No. SHFF1C090500 and document No. SHA2022100060, Defendant was obligated to return the shipping container to Plaintiff within a specified time frame.

   *See Exhibits A and B*

8. The shipping line (SMLine, corporation) informed Plaintiff on 03/16/2022 who notified the consignee Mixed Chicks by email on the same day.

*9.* The consignee, Mixed Chicks hired their own broker to clear customs and paid duty for the goods and cleared them from customs. The shipment was telex released by overseas agent on 3/3/2022 and Marine Bill of Lading also released on the same day; so, container would be automatically released at terminal upon Mixed Chicks clearing customs.

*10.* Mixed Chicks hired their own trucking company, who upon information and believe subcontracted to Rocstar Trucking to pick up the container from the terminal for delivery for them.

*See attachment: C*

*11.* Upon information and believe, to arrange pick up from the port; Defendant's trucking company would have to make a pickup appointment arrangement as well as any other action directly with terminal to pick up container from terminal.

*12.* The container was picked up by Defendant's hired trucking company from the arrival port in California and based on a port-to-port Bill of Lading they were obligated to return it to a port as instructed by the shipping line, which is either the pick-up port or any other container hubs which the shipping line uses.

See Exhibit C

13. Mixed Chicks / their trucking company should have obtained the empty return instructions from terminal or directly from their appointment system; if any problem on getting that, they would usually had to check with King International as the forwarder to obtain assistance

14. However, upon information and believe, Mixed Chicks or their trucking company has never contacted King International for any concerns, and the trucker did not return the container to the designated location to obtains a return receipt as proof of timely return.

15. Upon information and believe, free time for detention charges ended on 4/13/2022; detention penalties started from 4/14/2022 till May 25, 2023, according to SM Line's invoice the detention charges total $43000
The shipping line also claimed $2225 as Declared value of the container which was not returned.
See Exhibit D.

16. Timelines based on email exchanges: 2022, April 5, the container FCIU8302455 was delivered to the port facility. In California. April 8, the container was out gated by Michael Hunt LLC and delivered the container to Mixed Chicks LLC. on. April 12. The per diem clock for the container

started on April 14. The last free date and last free day for the return of the container were recorded as. April 14.

17. Timelines based on email exchanges: 2023, Mixed Chicks was first notified about the missing container by King International on January 6, A second notification was sent to Mixed Chicks regarding the missing container on February 7.

18. Plaintiff sent another notification to Defendant on March 1 for return of the container and followed up with mixed chicks regarding the missing container on May 12. An update was requested by Kings International regarding the status of empty container on May 23rd.

19. The container was reported stolen by Mixed. Chicks on May 25, 2023, ending detention charges. From June. 01, to June 28 Multiple correspondences regarding the missing container, trucking company involvement, and payment responsibility between the marine carrier, King International and Mixed Chicks.

20. An invoice for the container was sent by the marine carrier to Plaintiff on July 7, 2023.

21. Timelines based on email exchanges:2024, King International retained attorney Masoud Jahani who engaged in discussions with Mixed Chicks' attorneys regarding the container dispute on. December.

22. Timelines based on email exchanges: 2025, Efforts related to settlement continued, involving multiple follow-ups and discussions about settlement offers, legal fees, and responses awaited from Mixed Chicks' attorneys. Masoud Jahani warned Mixed Chicks' attorneys about potential court action on February 24 and with no response from Mixed. Chicks' attorneys it left King International no choice other than to file a complaint in this Honorable court

23. Defendant's failure to return the shipping container as required by the contract caused Plaintiff to incur detention charges as well as declared value of container replacement totaling to about $45,000.00

## E. CAUSES OF ACTION

## FIRST CAUSE OF ACTION BREACH OF CONTRACT

24. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 23 above.

25. The federal authorities on breach of contract in the context of a marine bill of lading for the shipment of goods from China to California are primarily derived from federal maritime law in *Maersk Line v. TJM Int'l L.L.C., 427 F. Supp. 3d 528.*

26. Plaintiff and Defendant entered a valid contract by way of the Bill of Lading for the shipment of goods from China to California using a container carrier.

27. The Marine Bill of Lading (MBL) states that each Merchant warrants that equipment, whether owned or leased by the Carrier, would be returned to the Carrier within a reasonable time and further promises and agrees to pay equipment detention charges stipulated in the applicable tariff, including the costs and expenses of recovering the same in case of failure to do so.

28. Plaintiff performed all its obligations under the contract by Notification to the Defendant of arrival of the container on March 16, 2022, on the same day as they were informed by the shipping line.

29. Plaintiff Followed up on Container Return, after they learned, Mixed Chicks had failed to return the container. Plaintiff notified the Defendant about the missing container on January 6, 2023. A second notification was sent on February 7, followed by a third on March 1, and a follow-up on May 12, 2023, also requested an update on the status of the empty container on May 23, 2023.

30. Plaintiff engaged in multiple correspondences from June 1 to June 28, 2023, regarding the missing container and related responsibilities among the marine carrier, themselves, and Mixed Chicks as a merchant in this port-to-port Bill of lading to trace and return the empty container.

31. In the case of *OOCL (USA) Inc. v. Transco Shipping Corp.*, the court applied these principles to determine that the plaintiff had sufficiently alleged a breach of maritime contract by demonstrating the existence of a contract, performance of their obligations, breach by the defendant, and resulting damages *Maersk Line v. TJM Int'l L.L.C., 427 F. Supp. 3d 528*.

32. Additionally, federal maritime law governs the interpretation of bills of lading for transoceanic shipments, as seen *in Cargo Logistics Int'l, LLC v. Overseas Moving Specialists, Inc., 557 F. Supp. 3d 381.* The court in this case reiterated that federal common law applies to the interpretation of such maritime *contracts Cargo Logistics Int'l, LLC v. Overseas Moving Specialists, Inc., 557 F. Supp. 3d 381.* This ensures uniformity in the application of legal principles across different jurisdictions.

33. Plaintiff's attorney engaged in settlement negotiation with Mixed Chicks' attorneys from December 2024, and upon receiving no commitment from the Defendant on or about February 24, 2025, warned Mixed Chicks' attorneys about potential court action if no response was given.

*34.* As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount of about $45,000.00 for which the Defendant is liable, *OOCL (USA) Inc. v. Transco Shipping Corp., 2015 U.S. Dist*

## SECOND CAUSE OF ACTION NEGLIGENCE

35. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

*36.* The federal authority on negligence is stipulated in *Uncle Ben's, Inc. v. Hapag-Lloyd Aktiengesellschaft, 855 F.2d 215 and Bah v. Everlast Logistics, LLC, 297 F. Supp. 3d 426.*

37. The Plaintiff fulfilled its contractual obligations by notifying Mixed Chicks of the container's arrival on March 16, 2022. However, Mixed Chicks failed to return the container, leading to multiple notifications from the Plaintiff on January 6, February 7, March 1, and May 12, 2023, along with a follow-up request on May 23, 2023. Throughout June 2023, the Plaintiff engaged in further correspondence to address the missing container and Mixed Chicks' responsibility in the matter.

38. The Defendant owed a duty of care to the plaintiff to return the shipping container within the specified time frame as required by their port-to-port

Bill of Lading. This duty is supported by the case *CTI-Container Leasing Corp. v. Oceanic Operations Corp., 682 F.2d 377,* where the court recognized the contractual obligation to return leased containers in accordance with the lease terms *CTI-Container Leasing Corp. v. Oceanic Operations Corp., 682 F.2d 377.*

39. The defendant breached this duty by failing to return the container to the designated location within the specified time frame, resulting in financial impact on the plaintiff. This breach is evidenced by the case *Zim Am. Integrated Shipping Servs. Co., LLC v. Sportswear Grp., LLC, 550 F. Supp.* 3d 57, where the court found that the failure to return containers timely resulted in demurrage and detention costs *Zim Am. Integrated Shipping Servs. Co., LLC v. Sportswear Grp., LLC, 550 F. Supp. 3d 57.*

40. Therefore, based on the principles of negligence and the cited cases, the defendant's failure to return the shipping container within the specified time frame constitutes a breach of duty, leading to financial damages for the plaintiff.

41. As a direct result of Defendant's failure to return the container, Plaintiff incurred detention charges and container replacement declared value totaling about $45,000.

**THIRD CAUSE OF ACTION CONVERSION**

42. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

43. Plaintiff, Kings International Group Inc., brings a claim of conversion against Defendant, Mixed Chicks, LLC, arising from a contract in which Plaintiff was to ship a container from Shanghai, China to California.

44. Defendant, as the consignee, was obligated under House Bill of Lading No. QDZF22020495 and Marine Bill of Lading No. SHFF1C090500 to return the shipping container to Plaintiff within a specified time frame.

45. Upon arrival of the shipment on March 16, 2022, Defendant engaged a broker to clear customs and hired Rocstar Trucking for transportation. Although the container was delivered to Mixed Chicks' location, neither they nor their trucking company returned the container as required.

46. Despite multiple notifications from Plaintiff regarding the unreturned container, Defendant failed to act, leading to detention charges accruing from April 14, 2022, until May 25, 2023, totaling $43,000, and. $2225.00 replacement value of the container.

47. Defendant's wrongful exercise of dominion over the shipping container deprived shipping line of its use and resulted in detention charges and lost container costs.

48. Plaintiff has made exhaustive efforts to resolve the matter through legal counsels and settlement discussions, but Defendant's continued inaction has necessitated the filing of this complaint.

*49.* As a direct and proximate result of Defendant's conversion, Plaintiff has suffered damages in an amount of about $45,000.00 for which the Defendant is liable, *OOCL (USA) Inc. v. Transco Shipping Corp., 2015 U.S. Dist. LEXIS 171466*

## PRAYER FOR RELIEF

50. WHEREFORE, Plaintiff Kings International Group Inc. prays for judgment against Defendant Mixed Chicks, LLC as follows:

A. Compensatory damages for detention charges incurred in an amount of $43,000.00

B. Compensatory damages for the cost of the declared replacement value of container in an amount of $2225.00

C. Prejudgment interest as allowed by law;

D. Post judgment interest as allowed by law;

E. Attorney's fees and costs of this action as may be allowed by law or contract; and

F. Such other and further relief as the Court deems just and proper.

By:

Masoud Jahani

State bar number 315638

Address:

111 W, Ocean Blvd Suite 400
Long Beach, California, 90802
Phone | (310) 972-9446
Fax. | (310) 919-3608
E-mail: jahanilaw@gmail.com
E-mail: info@jahanilaw.com

Attorney for

Plaintiff: Kings International Group Inc. DBA Kig Solutions

Attachments

Exhibits, A Thru D

Signed this date: March 15, 2025

"/S/," Masoud Jahani

______________________

Masoud Jahani

Counsel for plaintiff